UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No.: | ML 18-2814 AB (FFMx) <br> CV 17-06656-AB (FFMx) | Date: | November 4, 2019 |
|---|---|---|---|

| Title: | In re: Ford Motor Co. DPS6 Powershift Transmission Products Liability Litigation <br> Mark Pedante v. Ford Motor Co. |
|---|---|

Present: The Honorable   ANDRÉ BIROTTE JR., United States District Judge

| Carla Badirian | N/A |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorney(s) Present for Plaintiff(s): | Attorney(s) Present for Defendant(s): |
|---|---|
| None Appearing | None Appearing |

**Proceedings:**   [In Chambers] ORDER <u>**DENYING**</u> DAUBERT MOTIONS AS TO *MARK PEDANTE V. FORD MOTOR COMPANY*

Before the Court are Ford's Daubert motions to exclude the testimony of Plaintiff Mark Pedante's ("Plaintiff") experts Micale (Dkt. No. 462), Darrell Blasjo (Dkt. No. 463), Barbara Luna (Dkt. No. 464), and Miller (Dkt. No. 467). The Motions are **DENIED**.

## I.   LEGAL STANDARD

Federal Rule of Evidence 702 states that expert opinions are admissible if "(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue; (b) the expert testimony is based on sufficient facts or data; (c) the testimony is the result of reliable principles and methods; and (d) the expert has reliably applied the principles and methods to the facts of the case." Fed. R. Civ. 702.

Rule 702 "imposes a special obligation upon a trial judge to 'ensure that any and all scientific testimony ... is not only relevant, but reliable.'" *Kumho Tire Co. v. Carmichael* ("*Kumho Tire*"), 526 U.S. 137, 147 (1999), quoting *Daubert v. Merrell Dow Pharm., Inc.*("*Daubert*") 509 U.S. 579, 589 (1993). That is, Rule 702 imposes a "gatekeeping" obligation on the trial court (*Daubert*, 509 U.S. at 597) to guard "the twin concerns of 'reliability' ... and 'helpfulness.'" *Stilwell v. Smith & Nephew, Inc.*, 482 F.3d 1187, 1192 (9th Cir. 2007), quoting *United States v. Mitchell*, 356 F.3d 215, 234 (3d Cir. 2004). "Maintaining Daubert's standards is particularly important considering the aura of authority experts often exude, which can lead juries to give more weight to their testimony." *Elsayed Mukhtar v. California State University, Hayward*, 299 F.3d 1053, 1064-65, *overruled on other grounds in Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 467 (9th Cir. 2014)

The question of reliability embodied in rule 702 is one of foundation: "whether an expert's testimony has 'a reliable basis in the knowledge and experience of the relevant discipline.'" *Estate of Barabin v. AstenJohnson, Inc.*, 740 F.3d 457, 463 (9th Cir. 2014), quoting *Kumho Tire*, 526 U.S. at 149. The reliability inquiry applies to all forms of expert testimony, whether based on scientific, technical, or other forms of specialized knowledge. *Kumho Tire*, 526 U.S. at 147-48.

"Rule 702 demands that expert testimony relate to scientific, technical or other specialized knowledge, which does not include unsubstantiated speculation and subjective beliefs." *Diviero v. Uniroyal Goodrich Tire Co.*, 114 F.3d 851, 853 (9th Cir.1997). "[S]omething doesn't become 'scientific knowledge' just because it's uttered by a scientist; nor can an expert's self-serving assertion that his conclusions were 'derived by the scientific method' be deemed conclusive … ." *Daubert v. Merrell Dow Pharm., Inc.* ("*Daubert II*"), 43 F.3d 1311, 1318 (9th Cir. 1995). Rather, Court's role as a gatekeeper of *reliable* expert testimony is to independently ensure that the expert's methods are valid. *Daubert*, 509 U.S. at 590 n.9. An expert's opinions derived from an unsound or invalid methodology are without any evidentiary value because "[o]pinion evidence is only as good as the facts upon which it is based." *State of Washington v. United States*, 214 F.2d 33, 43 (9th Cir. 1954).

Among the factors to consider in determining whether the expert's opinion stands upon a reliable foundation are: "(1) whether a scientific theory or technique can be (and has been) tested; (2) whether the theory or technique has been subjected to peer review and publication; (3) the known or potential rate of error and the

existence and maintenance of standards controlling the technique's operation; and (4) whether the technique is generally accepted." *Cooper v. Brown*, 510 F.3d 870, 943 (9th Cir. 2007), citing *Daubert*, 509 U.S. at 593-94

However, the relevancy bar is low, requiring only that the evidence "logically advances a material aspect of the proposing party's case." *Daubert v. Merrell Dow Pharm., Inc.*, 43 F.3d 1311, 1315 (9th Cir.1995) ( "*Daubert II*"). "Expert opinion testimony is relevant if the knowledge underlying it has a valid connection to the pertinent inquiry." *Primiano v. Cook*, 598 F.3d 558, 565 (2010).

Rule 402 should be applied with a "liberal thrust" favoring admission, *Daubert*, 509 U.S. at 588, as the district judge is "a gatekeeper, not a fact finder." *United States v. Sandoval–M*endoza, 472 F.3d 645, 654 (9th Cir. 2006). The judge is "supposed to screen the jury from unreliable nonsense opinions, but not exclude opinions merely because they are impeachable." *Alaska Rent–A–Car, Inc. v. Avis Budget Grp., Inc.*, 738 F.3d 960, 969 (9th Cir. 2013). "Shaky but admissible evidence is to be attacked by cross examination, contrary evidence, and attention to the burden of proof, not exclusion." *Primiano*, 598 F.3d at 564.

## II.  DISCUSSION

### A. Ford's Motion to Exclude the Opinions of Barbara Luna and Steven R. Miller Are **DENIED WITHOUT PREJUDICE AS MOOT**.

The Court's summary judgment order dismissed Plaintiff's fraud claims, leaving only his claim under the Song-Beverly Act for trial. At the final pretrial conference, the Court questioned whether the opinions of all four of Plaintiff's designated experts remained relevant. Plaintiff's counsel's response was non-committal, but he did indicate that the opinions of Barbara Luna and Steven R. Miller opinions were probably rendered irrelevant and he did not otherwise present a cogent explanation of how their testimony would be admissible at trial. In light of the likely irrelevance of the Luna and Miller opinions, the Court finds that the motions to exclude them are **MOOT** and on that basis **DENIES** the motions without prejudice. If Plaintiff wishes to elicit testimony from Luna and/or Miller, he must give the Court and opposing counsel notice of that intent and identify the specific opinions he wishes to elicit, with sufficient time to permit Ford to raise any *Daubert* objections and for the Court to resolve them.

## B. Ford's Motion to Exclude The Opinions of Darrell Blasjo Is <u>DENIED</u>.

Plaintiff designated Mr. Blasjo, an automotive expert, to testify about "the subject vehicle and its warranty and repair history, testing procedures, interpretation of results and further diagnostic repair procedures, both generally and as regards the subject vehicle, reasonableness of repair attempts regarding the subject vehicle, his inspection of the subject vehicle, and warranty repair procedures." Blasjo Designation and Report ("Blasjo Rep.," Dkt. No. 445-9) ¶ 3. Mr. Blasjo's report states that he has over 33 years of experience in the automotive industry as a technician, consultant, inspector, tester, reconditioner, and appraiser. He lists several certifications; those relevant to this case include certifications in all 8 areas of Certification required to be a Master Automotive Technician, and a certification in the Advanced Engine Performance Specialist L-1 category. Mr. Blasjo is also a licensed Smog Check Techician, has 23 years of experience as a consumer fraud investigator for the State of California Bureau of Automotive Repair, and has certifications relating to auto body repair. *Id.*

Ford does not challenge Mr. Blasjo's qualifications. Rather, Ford objects that there is no methodology apparent in Blasjo's report. Ford also argues that some of his opinions are unreliable and lack foundation, that some are beyond the scope of his designation, that his fraud opinions would usurp the role of the jury, that his report does not comply with Rule 26 in several respects, and that Rule 403 counsels against admission.

Some of Mr. Blasjo's opinions are not relevant given the dismissal of the fraud claims. The irrelevant opinions include his discussion of automatic, manual, and DPS6 transmissions, how to characterize the DPS6 (Blasjo Rep. pp. 3-4), and his analysis of Ford corporate discussions and customer complaints (*Id.* p. 12). Since these opinions are not relevant to Plaintiff's sole remaining claim (under the Song-Beverly Act), they will be excluded on that basis and Court will not address whether they otherwise satisfy *Daubert*.

The remainder of Blasjo's report consists of his assessment of 13 repair work orders and invoices for Plaintiff's vehicle, which he analyzes in the context of TSBs Ford released and deposition testimony. He analyzes the reasonableness of the repair attempts along with their effectiveness. He also discusses a vehicle inspection he conducted with Mr. Micale. His bottom-line conclusions concern whether the vehicle repairs were effective (he says they weren't), and the impact this had on the vehicle (it impaired the use, safety, and value of the vehicle).

The Court overrules Ford's objections. Mr. Blasjo's methodology is apparent: he applied his specialized and technical expertise to the repair work orders and invoices to interpret them to arrive at the above opinions. Although a jury may well be able to read the repair work orders and invoices, Mr. Blasjo explains their significance relative to the issues in this case; his opinions may therefore assist the trier of fact. While Blasjo participated in only one inspection, that does not mean his study of the evidence lacks a reliable methodology. Ford argues that some of Blasjo's opinions regarding the use, safety, and value of the vehicle are not supported by the evidence. But Mr. Blasjo explains the bases of such opinions, and they have adequate foundation, so Ford's objections are not a ground for exclusion, but are instead appropriate matters for cross-examination. Ford's beyond-the-scope objections all appear to pertain to opinions relevant only to the fraud claims. As noted above, the fraud claims are dismissed so such opinions will not be admitted because they are irrelevant, and therefore the Court will not address whether they are beyond the scope of the designation. Finally, the Court overrules Ford's Rule 403 objections.

The Court finds that Mr. Blasjo's opinions insofar as they are relevant to Plaintiff's Song-Beverly Act claim satisfy *Daubert*. The motion to exclude is **DENIED**.

### C. Ford's Motion to Exclude The Opinions of Anthony Micale Is **DENIED**.

Plaintiff designated Anthony G. Micale to testify as to the exact same matters that it designated Mr. Blasjo to testify about. *See* Micale Designation and Report ("Micale Rep.," Dkt. No. 445-8) ¶ 3 (Micale will testify "as to matters including, but not limited to the subject vehicle and its warranty and repair history, testing procedures, interpretation of results and further diagnostic repair procedures, both generally and as regards the subject vehicle, reasonableness of repair attempts regarding the subject vehicle, his inspection of the subject vehicle, and warranty repair procedures.").

Mr. Micale's report sets forth his qualifications as an engineer with 35 years of experience in the automotive and aerospace engineering fields, including as an automotive engineer with Ford from 1991 to 1998 where he worked on software that is used to control engine operations. *See* Micale Rep. p. 2. Micale considers a lot of the same evidence that Mr. Blasjo did and for the same purposes, but apparently from an engineering perspective, rather than from a technician's perspective.

Ford does not argue that Mr. Micale is unqualified, however, as with Blasjo, Ford argues that his opinions are based on insufficient facts and unreliable methodology, and that some opinions are beyond the scope of his designation.

As with Mr. Blasjo, some of Mr. Micale's opinions are not relevant given the dismissal of the fraud claims. The irrelevant opinions include, for example, his analysis of Ford's corporate knowledge, consumer expectations, fraud (whether by misrepresentation or omission), and whether the DPS6 transmission is an automatic or a manual transmission or something else. Since these opinions are not relevant to the sole remaining claim, they will excluded on that basis and Court will not address whether they otherwise satisfy *Daubert*.

Ford's remaining objections are overruled for the same reasons discussed above in connection with Mr. Blasjo's report. The analysis is largely the same and the Court sees no reason to repeat it. Thus, for the same reasons stated above, the Court finds that Mr. Micale's opinions insofar as they are relevant to the Song-Beverly Act claim satisfy *Daubert*. The Motion to exclude is **DENIED**.

### D. Plaintiff Must Limit Expert Testimony Only To Matters Relevant to the Song-Beverly Claim, And Their Testimony Must Not Be Cumulative or Duplicative.

At the final pretrial conference, the Court pointed out two concerns with Plaintiff's experts' testimony: that it must pertain only to matters relevant to Plaintiff's Song-Beverly Act claim and must not delve into matters rendered irrelevant by the dismissal of the fraud claims; and that the technical experts must not offer cumulative or duplicative testimony. The Court reiterates that concern here, as the discussion at the final pretrial conference was not reassuring.

### III.  CONCLUSION

For the foregoing reasons, the *Daubert* motions as to the Pedante matter are **DENIED**.

**IT IS SO ORDERED**.